David **MINNEMAN**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 783S261.

Supreme Court of Indiana.

Aug. 7, 1984.

Rehearing Denied Oct. 12, 1984.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Burglary of a Dwelling, a Class B felony. He was convicted in a bench trial and sentenced to thirteen (13) years of imprisonment. Appellant now brings this direct appeal.

The facts are these. Appellant and two others, Tim Cochran and Tim Minneman, illegally entered a structure which consisted of three interconnected areas: a garage, a general store and a home. They entered the structure through the garage and took property from the general store.

Appellant alleges the evidence was insufficient to support a finding that he was guilty of Burglary of a Dwelling. He claims the evidence at trial indicated he only entered the store and not the living area. The structure consisted of a general store which was flanked on one side by the garage and on the other side by the living area. The areas are separated by walls and lockable doors. Testimony indicated the trio broke the glass of a service door to the garage and entered. They then proceeded to enter the store area where they took the cash register, food and other items. The items were taken to appellant's home where they were later recovered. At no time did the trio attempt to enter the living area.

Ind.Code § 35–43–2–1 [Burns Repl.1979] reads:

"Sec. 1. A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, a Class A felony if it results in either bodily injury or serious bodily injury to any other person. [As added by Acts 1976, P.L. 148, Sec. 3. Amended by Acts 1977, P.L. 340, Sec. 42.]

An attached garage with an interior access door to the living area has been found to be a dwelling when the garage fulfilled a purpose connected with family living such as food storage. *Gaunt v. State*, (1983) Ind., 457 N.E.2d 211, (DeBruler, J., dissenting on other grounds); *Abbott v. State*, (1978) 175 Ind.App. 365, 371 N.E.2d 721. A basement which had no access door to the living area was also found to be a dwelling. *Burgett v. State*, (1974) 161 Ind. App. 157, 314 N.E.2d 799. *Burgett* focused on the physical and functional relationships between the living area and the basement.

"Basements are located directly under the living area of a residence and are used for a variety of purposes connected with family living, such as storage of various household items, location of heating and mechanical equipment, and laundering of clothing. Being under the same roof, functionally interconnected with and immediately contiguous to other portions of the house, it requires considerable agility to leap over this fulsome interrelationship to a conclusion that a basement is not part of a dwelling house because no inside entrance connects the two. *Id.* at 161, 314 N.E.2d at 803.

Appellant contends the areas should be separated into their functional components. He would view the midsection of this building as different from the two portions which flank the store. He maintains the intended use of the area determines the character of the area. Here he argues the owner intended the middle area to be commercial space and not living area. We do not agree. To argue the internal areas of a building have a chameleon like character which shifts as the owner changes the use of the area is to establish a standard which would be difficult at best to enforce. This case is analogous to the attached garage cases. When appellant entered the garage, he entered a dwelling and he remained in the dwelling for as long as he was within the structure. It is immaterial that he did not enter or attempt to enter the actual living quarters. *Gaunt, supra.*

On the morning this case was set for trial, appellant petitioned the court to dismiss counsel and proceed *pro se*. This motion was granted. Appellant then sought a continuance to prepare for trial. This was denied. Appellant raises two issues from this sequence of events. First, he argues the court erred in allowing him to proceed *pro se* without advising him, in a meaningful manner, of the consequences of his waiver of a right to counsel.

■ Prior to the granting of the motion to dismiss counsel and proceed *pro se*, the court did, in fact, question both the appellant and his appointed counsel concerning the consequences of appellant proceeding *pro se*. In addition, counsel was directed to remain in the courtroom and be available to aid appellant in the event such aid was indicated. The record indicates appellant's waiver of right to counsel and his decision to proceed *pro se* was done after he had been properly advised by the trial court in keeping with *Webb v. State*, (1980) Ind., 412 N.E.2d 790; *Duncan v. State*, (1980) Ind., 412 N.E.2d 770.

Appellant contends the trial court erred by not granting the continuance. Appellant claims he needed additional time to prepare his defense. The trial court noted the late date of the request and the fact that court-appointed counsel had already prepared for the case. The court indicated it would not permit appellant to extend the time to perform duplicate preparation and denied the motion.

Appellant maintains the breakdown of the lawyer-client relationship, as evidenced

by the dismissal of counsel, is indicative of the lack of preparation. Appellant claims he was faced with the choice of proceeding *pro se* without adequate preparation or proceeding with unprepared counsel in whom he lacked confidence.

 The granting of a continuance which has no statutory basis is within the discretion of the trial court. *Sidener v. State*, (1983) Ind., 446 N.E.2d 965. We find no abuse of that discretion in the case at bar. We note this was the second occasion for trial counsel to depart in this case and that the matter had been continued on prior occasions. The last minute dismissal of counsel and the subsequent seeking of a continuance is an often used mechanism for stalling the judicial process. When this maneuver impedes sound judicial administration it is not an abuse of discretion by the trial court to order the matter to proceed without further continuances. *German v. State*, (1978) 268 Ind. 67, 373 N.E.2d 880.

 Appellant contends the trial court erred in overruling his Motion to Quash the Affidavit for Search Warrant and his Motion to Suppress evidence gathered pursuant to the search warrant. State Police Officer Cooley obtained a warrant to search appellant's home for property taken in the burglary.

Cooley and members of the local police agencies were investigating a series of burglaries in the Rushville area. Two suspects in these crimes were Tim Cochran and Tim Minneman, appellant's brother. These two were taken to the Rush County jail for questioning. Cooley interviewed Cochran and took his statement. In his statement Cochran admitted his participation. He also implicated appellant and stated materials taken in the burglary could be found at appellant's home. Cooley then consulted with Officer Clevenger who had interviewed Tim Minneman. Clevenger had taken Minneman's statement in which he corroborated Cochran's statement. In addition, Minneman had in his possession cigarettes and gum taken in the burglary.

Cooley then prepared an affidavit seeking the warrant.

Appellant maintains the affidavit contained a statement Officer Cooley knew to be false when it was made. He contends the credibility of the informant was not sufficiently established. He argues the affidavit contained information which was not within the personal knowledge of Cooley and for which Cooley did not establish a credible source. Appellant contends these factors taken together invalidate the affidavit and result in the necessity of suppressing the evidence gathered.

The false statement contained in the affidavit made by Cooley was that he had interviewed both Minneman and Cochran when, in fact, he had only interviewed Cochran and had relied on another officer for Minneman's statement. We do not find such a misstatement to be material to the facts to be determined by the trial judge in issuing the warrant. The material facts were the statements made by Cochran and Minneman and these are not shown to be false. The affidavit made by Cooley supplies the magistrate with probable cause to issue the warrant. The trial court did not err in denying the motions to quash and to suppress.

 Appellant contends the trial court erred in not permitting him to impeach the State's witness, Cochran, by using a prior inconsistent statement given by Cochran in a deposition. The deposition was unpublished and appellant failed to lay a proper foundation for its use. Either error would be sufficient to sustain the trial court's ruling. In essence the appellant argues the court took advantage of his ignorance of trial procedures. The defendant bears the risk of any lack of preparation when he voluntarily dismisses trial counsel and proceeds *pro se*. *German v. State, supra.* The trial court was very patient with appellant and lenient in its rulings. However, the rules of procedure are not to be turned over backward to accommodate the defendant who wishes to provide his own defense. The trial court did not err.

Appellant maintains the sentence imposed was manifestly unreasonable. The presumptive sentence for Class B Burglary is ten (10) years. The court enhanced that by three years. The court listed two mitigating factors, the lack of physical violence and appellant's youth. The court also listed three aggravating factors, the age of the victim, appellant's past criminal history and the fact appellant was on probation at the time of the crime. The increasing or decreasing of penalties from the presumptive level is within the trial court's discretion. *Hill v. State*, (1983) Ind., 445 N.E.2d 994.

The sentence will not be altered on review unless the sentence is manifestly unreasonable. To be manifestly unreasonable the sentence must be such that no reasonable person would find it appropriate for the offense and the offender. *Bryan v. State*, (1982) Ind., 438 N.E.2d 709. A review of the sentence does not reveal it to be manifestly unreasonable. The trial court did not err in sentencing appellant.

The trial court is in all things affirmed.

All Justices concur.