**Jack Don WEBSTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 48S00–9212–CR–981.

Supreme Court of Indiana.

Feb. 16, 1994.

William D. McCarty, Anderson, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant was tried by jury and convicted of Count I, Attempted Rape, a Class A felony, Count II, Criminal Deviate Conduct, a Class A felony, and Count III, Criminal Confinement, a Class B felony. He also was found to be a habitual offender. Appellant received a sentence of thirty (30) years enhanced by thirty (30) years with fifty-five (55) years executed and five (5) years suspended for Counts I and II, ten (10) years enhanced by thirty (30) years with thirty (30) years executed and ten (10) years suspended for Count III. The court ordered all counts to be served concurrently.

The facts are: On February 23, 1992, J.J. arrived home in the early morning hours from Tiny's Place, a tavern in Elwood, Indiana. After making her usual bedtime preparations, J.J. went to bed and fell asleep.

Thereafter, J.J. was awakened by a man who had his hands around her neck, choking her. The man, armed with a knife, ordered her to remove her clothes; she complied with this demand. The man forced himself atop J.J. and attempted to rape her despite J.J.'s screams for help. When he was unable to accomplish the rape, the man forcibly inserted his fingers into J.J.'s vagina. As J.J. continued to scream for help, appellant ordered her to quit screaming or he would kill her. Consequently, J.J. quieted herself.

After the sexual attack, appellant ordered J.J. to put on her clothes. She was unable to find her clothes in the dark so she turned on the light. With the light, she was able to see her attacker clearly. J.J. then recognized appellant as her attacker and later identified him at trial.

Appellant became angry when J.J. turned on the light. He grabbed the back of her hair, threw her on the bed, and stabbed her in the back of the neck. In addition, he

threatened to return and kill her if she ever told anyone what he had done.

■ Appellant contends that his criminal confinement conviction violates the prohibitions against double jeopardy of both the United States and the Indiana Constitution. In support of this contention, appellant claims there was no confinement of the victim independent of the attempted rape and criminal deviate conduct offenses.

■ Where the crime of rape is charged as forcible rape, the charge necessarily includes the crime of confinement to the extent force, or threat of force, effectuates the rape. *Griffin v. State* (1991), Ind.App., 583 N.E.2d 191. Any other confinement of the victim beyond that inherent in the force used to effectuate the rape constitutes a violation of the confinement statute apart from the violation inherent in the offense of forcible rape. *Id.*

In *Griffin*, the defendant pulled down the victim's pants and panties and fondled her body during his attempt to rape her. A jury trial resulted in his conviction of attempted rape, sexual battery and confinement. The court of appeals vacated both the sexual battery and confinement convictions and sentences. As for the confinement offense, the court held that the only evidence of confinement was that occurring during the attempted rape; there was no extraneous interference with the victim's liberty other than that necessary to effectuate the attempted rape.

Unlike *Griffin*, the instant case does contain evidence to establish confinement of the victim beyond that of the attempted rape and the criminal deviate conduct offense. After attempting to rape the victim and placing his fingers in her vagina, appellant instructed her to dress while he was armed with a knife. He also grabbed her by the hair, threw her on the bed, and stabbed her in the neck. We believe these facts support appellant's confinement conviction. Therefore, we find the confinement conviction does not violate appellant's right against double jeopardy.

■ Appellant contends he was improperly found to be a habitual offender on all three counts in his case. The State filed three habitual offender counts against appellant,

each of which relied on the same two underlying felonies. Appellant objected and moved to dismiss two of the three habitual offender charges. The trial court denied the motion, but ordered the sentences to be served concurrently.

Under the authority of *Starks v. State* (1988), Ind., 523 N.E.2d 735, the trial judge committed a technical error when he enhanced all three sentences by reason of the habitual offender standing. However, in *Starks*, the majority cited *Kelly v. State* (1983), Ind., 452 N.E.2d 907, and pointed out that in *Kelly* the sentences were to run concurrently and not consecutively as in *Starks*. Inasmuch as we are affirming the confinement conviction in this case and the trial judge ordered the three sentences to run concurrently, we see no utility in remanding this cause to the trial court for resentencing to apply the thirty (30) year habitual offender enhancement to only one of the convictions. *Holbrook v. State* (1990), Ind., 556 N.E.2d 925.

■ Appellant contends there is insufficient evidence to support the finding that he is a habitual offender. He claims the evidence purporting to establish that the commission and sentence for the first felony preceded the commission of the second felony is insufficient. He contends that rather than containing specific evidence as to the date of the commission of the second underlying offense, the charging document utilized the phrase "or about" next to the date alleged for the offense.

During the habitual offender phase of the proceedings, the State produced a certified copy of a criminal docket sheet indicating that appellant was convicted and sentenced of theft on January 13, 1978. Next, the State produced a two-count information alleging that the appellant committed the offenses of confinement and child molesting on or about July 13, 1984. Then, the State produced a criminal docket sheet indicating that the appellant pled guilty and was sentenced for the offenses on October 22, 1984.

■ To sustain a habitual offender determination, the State must prove that the de-

fendant had been twice convicted and sentenced for felonies, that the commission of the second was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. *McCovens v. State* (1989), Ind., 539 N.E.2d 26. Failure of this proof requires the habitual offender determination to be vacated. *Jaske v. State* (1989), Ind., 539 N.E.2d 14.

Appellant relies on *McCovens* and *Jaske.* However, the case at bar differs in fact from these two cases. In both *McCovens* and *Jaske,* the State furnished proof of the conviction dates of the predicate offenses, but failed to provide any evidence to establish by direct proof or reasonable inference the commission date for the second offenses. In both cases, this Court held that the habitual offender determination was improper absent evidence of the commission date of the second predicate offenses.

In the case at bar, the State furnished proof of the conviction dates of the predicate offenses and provided the charging document to establish the commission date of the second offense. This document alleges that the offense was committed on or about July 13, 1984.

Appellant takes issue with the State's use of the phrase "or about" in the charging document. Appellant essentially argues that the charging document is insufficient because of its broad language which alleges the commission date as being on or about July 13, 1984. This implies that the document does not adequately establish that the second offense was committed after the sentencing for the first offense on January 13, 1978.

This Court finds no problem with the use of the phrase "or about." The use of this phrase has become common practice for prosecutors in drafting charging documents. Often, its use is merely surplusage. *Hardebeck v. State,* (1858), 10 Ind. 459.

We agree with the State that the only reasonable inference is that the commission date for the second predicate offense followed the 1978 sentencing for the appellant's first predicate conviction. We find there was sufficient evidence provided by the State to support the habitual offender determination.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.