**Delbert SAVAGE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S02–9508–CR–980.

Supreme Court of Indiana.

Oct. 3, 1995.

based on an assertion that no valid obligation exists;

.   .   .   .   .   .

John P. Woods, Woods & Woods, Indianapolis, for appellant.

Pamela Carter, Attorney General, Dana A. Childress–Jones, Deputy Attorney General, Office of the Attorney General, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SELBY, Justice.

As the result of an automobile collision in which a fatality occurred and another individual suffered serious injuries, Delbert Savage was convicted of reckless homicide, a Class C felony, and criminal recklessness, a Class D felony. Savage received a six-year sentence, two years of which was to be suspended, subject to specified conditions of probation. One condition of probation was that Savage make restitution. To that end, pursuant to I.C. 35–38–2–2.3(a)(5),[1] the trial court held a restitution hearing to determine what amount Savage was required to pay, considering factors such as Savage's education level (high school), his income level (approximately

$1,000.00 monthly) and his monthly expenses (approximately $800.00 to $1000.00 monthly) at the time of his incarceration. Additionally, the trial court considered evidence which demonstrated that Medicaid had paid expenses of $164,998.59 on behalf of the individual injured in the collision. The trial court ordered Savage to pay $164,998.59 restitution to the Indiana Family and Social Services Administration, on behalf of Medicaid.

Savage sought review of both his convictions and the restitution order before the Court of Appeals. The Court of Appeals rejected Savage's argument that the evidence at trial was insufficient to support his convictions, and affirmed the convictions, *Savage v. Indiana* (1995), Ind.App., 650 N.E.2d 1156, but concluded that because the restitution order required Savage to pay 100% of his discretionary income for a period longer than Savage is likely to live, the restitution order was manifestly unreasonable and contrary to law, and reversed. We grant transfer, and pursuant to Appellate Rule 11(B)(3), affirm the Court of Appeals' determination that sufficient evidence was presented to support the convictions.

We expressly adopt and incorporate by reference Judge Sullivan's dissenting opinion. We affirm the trial court's decision to impose restitution of $164,998.59; however, we remand to permit the trial court to issue an order identifying an appropriate restitution payment plan, as contemplated by the statute and discussed in Judge Sullivan's dissent.

■ We note that, although Savage did not raise the issue of the restitution order in his petition to transfer, we have authority to review this issue because Savage raised the issue of restitution before the Court of Appeals. We observed recently, in *Kimberlin v. DeLong* (1994), 637 N.E.2d 121 at 123, that "[u]pon grant of transfer, the appeal is fully before [the Supreme] Court, and [the Court] face[s] all of the issues originally raised before the Court of Appeals." *See also Lingler*

---

1. That section provides

> As a condition of probation, the court may require a person to do a combination of the following.... (5) Make restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When

restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

*v. State* (1994), Ind., 644 N.E.2d 131. Because Savage, in his Court of Appeals' brief, challenged the propriety of the trial court's decision to require full restitution, we have jurisdiction to review the issue on transfer.

■ The Court of Appeals' majority erred when it concluded that merely because the amount ordered in restitution is in excess of Savage's current assets, and in excess of what his lifetime discretionary income would be given his income level prior to incarceration, a $164,998.59 order is manifestly unreasonable. Judge Sullivan's dissent presents the better analysis. He begins by noting that Indiana Code 35–38–2–2.3(a)(5) mandates that a defendant may not be required to pay restitution in excess of an amount the defendant can or will be able to afford. He recognizes that the trial court here considered appropriate factors before reaching its decision to order restitution. He properly identifies the trial court's error in failing to incorporate in its restitution order a periodic payment amount that Savage can or will be able to afford.

We adopt Judge Sullivan's dissent and remand for a restitution order in accord with this opinion.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON, J., dissents, believing the evidence insufficient to sustain the conviction.

SULLIVAN, J., did not participate in this case.