Aaron LITTLE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0412–CR–651.

Court of Appeals of Indiana.

Dec. 30, 2005.

David E. Deal, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Aaron Little pled guilty to Class D felony operating a vehicle while intoxicated causing serious bodily injury. He appeals the restitution order the trial court entered pursuant to his plea. Little raises two issues:

1. Whether the court erred when it ordered Little to pay $199,582.73 to the victim of his crime; and

2. Whether his trial counsel provided ineffective assistance during the hearing to determine the amount of restitution Little would pay.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The State charged Little with two counts of Class D felony driving while intoxicated causing serious bodily injury and one count of criminal recklessness as a Class D felony. Little pled guilty to one count of Class D felony driving while intoxicated in exchange for dismissal of the other two charges. The plea agreement left the matter of restitution open for determination by the court. After a hearing, the court entered the following order:

> The Court hereby supplements its sentencing order, previously issued on February 27, 2004. The court has considered argument of counsel and the evidence presented,[sic] and it determines that the defendant owes restitution in this cause for the following amounts:

| | | |
|---|---|---|
| 1. Out of pocket expenses: | | $ 1,494.01 |
| 2. Medical bills and other expenses incurred | | $175,714.28 |
| minus bills without supporting documentation | | $ 589.56 |
| 3. Lost wages: 65 | = $ | 57,200.00 |
| +insurance paid | $ | 1,764.00 |
| -disability received | $ | 36,000.00 |
| | $ | 22,964.00 |
| Total Restitution Ordered: | | $199,582.73 |

All restitution is ordered payable to Matthew L. Klutzke, who may be liable for subrogation of these claims by his various insurers.

The court orders the above restitution, over the objection of defendant's counsel, and cites *Savage v. State*, 655 N.E.2d 1223 [ (1995) ], and *Rheinbold [Reinbold] v. State*, 555 N.E.2d 463 [ (1990) ] for the authority that medical providers constitute victims within the meaning of IC 35–38–2–2.3 and are entitled to restitution.

The court expressly does not order restitution for anticipated dental expenses of $12,335,[sic] which would have occurred after the February 27, 2004 sentencing hearing.

Pursuant to its previous ruling, the court now injures [sic] this order of restitution as a final judgment, from which the defendant's 30 day right to appeal now begins.

(Appellant's App. at 21.) [1]

## DISCUSSION AND DECISION

### 1. *Restitution Order*

█ Trial courts may order a person convicted of a felony or misdemeanor to pay restitution to the victim of the crime as part of the sentence or as a condition of probation. *Reinbold v. State*, 555 N.E.2d 463, 469 (Ind.1990) (citing Ind.Code 35–50–5–3(a) and a prior version of what is now Ind.Code 35–38–2–2.3(a)(5)), *overruled on other grounds by Wright v. State*, 658 N.E.2d 563 (Ind.1995). The trial court exercises its discretion when entering an order of restitution, and we reverse only for an abuse of that discretion. *Ault v. State*, 705 N.E.2d 1078, 1082 (Ind.Ct.App. 1999). An abuse of discretion has occurred only if no evidence or reasonable inferences therefrom support the trial court's decision. *See id.*

---

1. Ind. Appellate Rule 51(C) provides: "All pages of the Appendix shall be numbered at the bottom consecutively, without obscuring the Transcript page numbers, regardless of the number of volumes the Appendix requires." Appellant filed an appendix that numbered in sequential order each "exhibit" provided, without providing any information about where in the 116-page Appendix that exhibit could be found. Counsel's failure to follow Rule 51(C) hindered our review. We numbered the pages sequentially and used our numbering to arrive at the page numbers we cite.

■ Contrary to Little's argument, a medical insurer is a "victim" within the meaning of the restitution statute. According to our Indiana Supreme Court:

the word "victim" in the statutes authorizing restitution has not been construed so narrowly as to limit the payment of restitution only to the person or entity actually subjected to the commission of the crime. Rather, restitution has properly been ordered payable to those shown to have suffered injury, harm or loss as a direct and immediate result of the criminal acts of a defendant. The survivors of murder victims, particularly their dependent children, could certainly come within this class. The trial court's restitution order here covered, among other things, the funeral and burial expenses incurred by [victim's] family, as well as a figure designated as child support for the two minor children [victim] left. These monetary losses borne by these parties were the result of appellant's criminal acts, and the trial court acted within its statutory authority when ordering restitution for their recompense.

*Reinbold,* 555 N.E.2d at 470–71. *And see Savage v. State,* 655 N.E.2d 1223 (Ind. 1995) (affirming restitution to Medicaid, which had paid expenses for the victim).

■ Nevertheless, we must reverse because the court ordered Little to pay all of the money to Klutzke, "who may be liable for subrogation of these claims by his various insurers." (App. at 21.)

■ Restitution may be ordered for "medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime." Ind.Code § 35–50–5–3(a)(2). The amount of restitution ordered must reflect "only actual costs incurred by the victim," *Ault,* 705 N.E.2d at 1083, and may not include recovery for "duplicated" medical charges. *Kotsopoulos v. State,* 654 N.E.2d 44, 47 (Ind.Ct.App.1995), *reh'g denied, trans. denied.*

The court's order indicates Klutzke's "out of pocket expenses" were "$1,494.01" and his lost wages were "$22,964.00." Accordingly, Klutzke's "actual loss" appears to be the total of those two amounts, or $24,458.01. An order to pay restitution greater than $24,458.01, to Klutzke personally, constitutes "duplicated" recovery because the remainder of his medical expenses were covered by insurance.

We acknowledge the record indicates Klutzke's insurers have attached subrogation liens to any recovery Klutzke makes against Little. However, the record also indicates the liens have been reduced, such that Klutzke may not owe the full amount allegedly due to the insurers. Thus the record suggests Klutzke may receive duplicated recovery for some of the medical costs.

Because the court's current order provides duplicated recovery to Klutzke for some of the costs, the order is an abuse of discretion. We reverse and remand for the trial court to enter an order that does not provide double recovery to Klutzke.[2]

### 2. *Assistance of Counsel*

■ We review ineffective assistance of counsel claims under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864. *Wentz v. State,* 766 N.E.2d 351, 360 (Ind.2002), *reh'g denied.* First, the defendant must demon-

---

**2.** Two means by which the court could accomplish this task are ordering the amounts paid directly to the insurance companies or reducing the payment to Klutzke to include only those amounts he owes the insurance companies under the subrogation liens.

strate counsel's performance was deficient because it fell below an objective standard of reasonableness and denied the defendant the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. *Smith v. State,* 765 N.E.2d 578, 585 (Ind.2002), *reh'g denied.* Second, the defendant must demonstrate he was prejudiced by his counsel's deficient performance. *Wentz,* 766 N.E.2d at 360. To show prejudice, a defendant must demonstrate a reasonable probability that the result of his trial would have been different if his counsel had not made the errors. *Id.* A probability is reasonable if our confidence in the outcome has been undermined. *Id.*

■■■ We presume counsel provided adequate assistance, and we give deference to counsel's choice of strategy and tactics. *Smith,* 765 N.E.2d at 585. "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id.* If we may easily dispose of an ineffective assistance claim based on the prejudice prong, we may do so without addressing whether counsel's performance was deficient. *Wentz,* 766 N.E.2d at 360.

Little argues his counsel was ineffective because he stipulated to the admission of Defendant's Exhibit A, failed to object to the admission of State's Exhibits 1 and 2, failed to review the ledgers, and failed to cross-examine Klutzke's attorney, Sullivan, about the accuracy of the ledger. He claims he was prejudiced by counsel's ineffectiveness because "he was ordered to pay Klutzke more in restitution than the statute allows." (Appellant's Br. at 14.)

■■■ Counsel's strategy was to argue Little should not have to pay Klutzke more than his out-of-pocket losses. Defendant's Exhibit A was a detailed list of Klutzke's out-of-pocket expenses. Because of its relevance to the issue the court had to decide, restitution due to Klutzke, the information in Exhibit A would have been admitted over any objection by Little. *See Kellett v. State,* 716 N.E.2d 975, 981 (Ind.Ct.App. 1999) (counsel was not ineffective for failing to object to admission of relevant evidence). Counsel's performance was not deficient for failure to object. *See id.* at 982.

Little has presented no evidence to suggest trial counsel had not adequately reviewed Exhibit A or confirmed its accuracy prior to stipulating to its admission. *See id.* (defendant claimed on direct appeal that his trial counsel failed to adequately review a ledger, and we held "based on the record before us, we are unable to discern whether trial counsel carefully reviewed the ledger as he should have prior to its admission"). Accordingly, we cannot say counsel was ineffective in this way.

■■■ Regarding State's Exhibit 1 and State's Exhibit 2, counsel's strategy was to argue Little should not have to pay more than out-of-pocket expenses. Accordingly, his strategy did not require him to object to the admission of State's Exhibit 1 and Exhibit 2. Even after they were admitted, he argued the court should not consider those amounts covered by insurance when determining the amount of restitution to order. Moreover, as medical insurers are "victims" under the statute, the evidence of medical bills paid by others was presumably admissible, *id.* at 980–81, and this objection would have failed. Therefore, counsel was not ineffective for failing to object to those two exhibits.

■■■ To the extent trial counsel's performance may have been deficient for failing to cross-examine Sullivan regarding the accuracy of the documents, we cannot find Little was prejudiced. The trial court did not order restitution for bills that did not have supporting documentation. Be-

cause Little was not prejudiced by this alleged error, counsel did not provide ineffective assistance for this reason.

Nor do we believe Little was prejudiced by the combined impact of these alleged errors. While Klutzke may not have been entitled to his expenses that had already been reimbursed by insurance, the court was permitted to order Klutzke to pay restitution to the insurance companies for those amounts. In addition, as the trial court included only amounts from the three ledgers for which it could also find supporting documentation in the record, Little cannot demonstrate prejudice.

## CONCLUSION

We need not reverse and remand for a new restitution hearing because Little has not demonstrated his trial counsel provided ineffective assistance. However, because the trial court's current restitution order indicates it provides duplicated recovery to Klutzke for some medical expenses, we must reverse and remand for the court to enter an order that does not provide double recovery to Klutzke.

Reversed and remanded.

KIRSCH, C.J., and ROBB, J., concur.