**James E. SHEPARD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 60A01–0506–PC–250.

Court of Appeals of Indiana.

Dec. 30, 2005.

John Pinnow, Special Assistant to the State Public Defender, Greenwood, for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

James Shepard appeals his conviction for Burglary, as a Class B felony, and his sentence following that conviction and his convictions for three counts of Theft, one count of Auto Theft, and one count of Attempted Auto Theft. He presents three issues for our review:

1. Whether the State presented sufficient evidence to support his burglary conviction.

2. Whether the trial court abused its discretion when it imposed consecutive sentences.

3. Whether the trial court erred when it ordered restitution as a condition of probation without fixing the manner of performance.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

In April or May 2002, Shepard broke into Andrew Hybarger's garage and stole two shotguns. In April 2002, Shepard stole a rifle and a shotgun from Mark Chamness, an electric pressure washer from Jason Meurer, a portable mig welder and a pressure washer from Dave Hamlin, and a motorcycle from Jeff Sturgell. In addition, Shepard attempted to steal a van from World Arts, Inc. The State charged Shepard with burglary, as a Class B felony, three counts of theft, as Class D felonies, auto theft, as a Class D felony, and attempted auto theft, as a Class D felony. A jury found him guilty as charged, and the trial court entered judgment of conviction accordingly. The trial court imposed the presumptive sentence for each conviction and ordered that they run consecutively, for an aggregate term of seventeen and one-half years, with seven and one-half years suspended. In addition, the trial court ordered that Shepard pay restitution to the victims totaling $1724. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Sufficiency of the Evidence

■ Shepard first contends that the State presented insufficient evidence to support his conviction for burglary, as a Class B felony. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To prove burglary, as a Class B felony, the State was required to show that Shepard broke into and entered Hybarger's dwelling with intent to commit a felony in it. *See* Ind.Code § 35-43-2-1. Shepard's sole contention on appeal is that the State did not prove that he broke into Hybarger's dwelling. Again, Shepard broke into Hybarger's garage and stole two guns, which were stored therein. Shepard maintains that because Hybarger's garage is attached to the house but lacks an interior door for access, the garage does not constitute a "dwelling" under the statute. We cannot agree.

In *Minneman v. State*, 466 N.E.2d 438 (Ind.1984), *cert. denied*, 470 U.S. 1030, 105 S.Ct. 1402, 84 L.Ed.2d 789 (1985), the defendant broke into a store which was flanked by a garage and living quarters. The store was connected by interior doors to both the garage and the living quarters. The defendant contended that because he did not enter the living quarters, he had not broken into a "dwelling." On appeal, our supreme court observed:

An attached garage with an interior access door to the living area has been found to be a dwelling when the garage fulfilled a purpose connected with family living such as food storage. *Gaunt v. State*, (1983) Ind., 457 N.E.2d 211, (De-Bruler, J., dissenting on other grounds); *Abbott v. State*, (1978) 175 Ind.App. 365, 371 N.E.2d 721. A basement which had no access door to the living area was also found to be a dwelling. *Burgett v. State*, (1974) 161 Ind.App. 157, 314 N.E.2d 799. *Burgett* focused on the physical and functional relationships between the living area and the basement.

"Basements are located directly under the living area of a residence and are used for a variety of purposes connected with family living,

such as storage of various household items, location of heating and mechanical equipment, and laundering of clothing. *Being under the same roof, functionally interconnected with and immediately contiguous to other portions of the house, it requires considerable agility to leap over this fulsome interrelationship to a conclusion that a basement is not part of a dwelling house because no inside entrance connects the two.*

*Id.* at 161, 314 N.E.2d at 803.

[Minneman] contends the areas should be separated into their functional components. He would view the midsection of this building as different from the two portions which flank the store. He maintains the intended use of the area determines the character of the area. Here he argues the owner intended the middle area to be commercial space and not living area. We do not agree. To argue the internal areas of a building have a chameleon like character which shifts as the owner changes the use of the area is to establish a standard which would be difficult at best to enforce. This case is analogous to the attached garage cases. When appellant entered the garage, he entered a dwelling and he remained in the dwelling for as long as he was within the structure. It is immaterial that he did not enter or attempt to enter the actual living quarters. *Gaunt, supra.*

*Id.* at 440 (emphasis added).

Here, the evidence shows that Hybarger did not use his garage for parking vehicles. Instead he testified that he used the garage for storage of personal items, including his guns, which were kept in a locked gun cabinet. The garage is attached to Hybarger's house, but there is no door between the garage and the living quarters. Following the reasoning in *Burgett,* where this court held that a basement constitutes a dwelling despite the lack of an inside access door between it and the rest of the house, we hold that the evidence is sufficient to prove that Shepard broke into a dwelling when he broke into Hybarger's attached garage. Given that the garage is "functionally interconnected with and immediately contiguous" to the rest of the house, we reject Shepard's contention on this issue. *See Burgett,* 314 N.E.2d at 803. The evidence is sufficient to support Shepard's conviction for burglary, as a Class B felony.

## Issue Two: Sentence

■ Shepard next contends that the trial court abused its discretion when it imposed consecutive sentences without identifying an aggravating circumstance. The State agrees and asks that we remand and instruct the trial court to articulate an aggravator to support the imposition of consecutive sentences. It is well settled that the trial court must identify at least one aggravator to support consecutive sentences. *See Marcum v. State,* 725 N.E.2d 852, 864 (Ind.2000). We remand and instruct the trial court either to identify an aggravator to support the imposition of consecutive sentences or to impose concurrent sentences.

## Issue Three: Restitution

Finally, Shepard contends that the trial court erred when it ordered restitution without first inquiring into his ability to pay and without fixing the manner of performance. Again, the State agrees and asks that on remand we instruct the trial court to fix the manner of performance. Indiana Code Section 35–38–2–2.3(a)(5) provides that when restitution is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance. On

remand, the trial court shall determine whether Shepard can or will be able to pay a total of $1724 in restitution, and the court shall fix the manner of performance.

Affirmed in part, reversed in part, and remanded with instructions.

BAILEY, J., concurs.

BAKER, J., concurs with separate opinion.

BAKER, Judge, concurring.

I fully concur with the majority's resolution of issues one and two. While I agree that precedent from our Supreme Court dictates the outcome of the restitution issue, I write separately to criticize the holding of *Savage v. State*, 655 N.E.2d 1223 (Ind.1995).

In *Savage*, the defendant was sentenced to six years of incarceration with two years suspended to probation. The trial court ordered restitution in the amount of $164,998.59, but did not fix the manner of payment. Upon appeal, a panel of this court reversed the order of restitution because the amount exceeded the amount that the defendant could pay. *Savage v. State*, 650 N.E.2d 1156, 1163 (Ind.Ct.App. 1995). Judge Sullivan dissented, stating that the statutory requirement that the court fix the proper manner of payment was not satisfied where the trial court's order does not establish any type of payment plan or schedule. *Id.* at 1163–64. Upon transfer, our Supreme Court expressly adopted and incorporated by reference Judge Sullivan's dissenting opinion. *Savage*, 655 N.E.2d at 1224. Thus, our Supreme Court affirmed the decision to impose restitution but remanded to permit the trial court to issue an order identifying an appropriate restitution payment plan. *Id.*

While I have eminent regard for the wisdom of the trial court, the rule in *Sav-age* requires it to have the ability to prognosticate Shepard's financial situation when he is released from prison. And I have not yet met a judge who can unerringly predict the future. Because the payment of restitution is a condition of probation, Shepard will not pay the restitution until such time as probation begins. And after Shepard has spent ten years in the Department of Correction—or five years if he behaves well—any decision made today by the trial court will need to be revisited to determine his current ability to pay. Thus, I believe that the better rule is that the trial court may wait to determine Shepard's ability to pay the restitution and to fix the manner of performance until the commencement of probation.