Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2013, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
LaPorte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MIGUEL CASTILLO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1204-CR-158 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-1006-FB-131

**January 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Miguel Castillo appeals his convictions and sentence after a jury found him guilty of criminal confinement, as a Class B felony; battery, as a Class C felony; strangulation, as a Class D felony; and for being an habitual offender. Castillo raises the following four issues for our review:

1. Whether the trial court abused its discretion when it denied Castillo's mid-trial request for a competency evaluation;

2. Whether the trial court abused its discretion when it granted Castillo's mid-trial request to proceed pro se;

3. Whether his sentence is inappropriate in light of the nature of the offenses and his character; and

4. Whether the trial court committed reversible error when it did not specify to which conviction Castillo's habitual offender adjudication attached.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In the late evening hours of June 10, 2010, Castillo restrained, severely beat, and strangled his girlfriend, V.M., with whom he was living. After he had beaten V.M., Castillo sat on the front porch while V.M. called 9-1-1. When police arrived, Castillo told the officer, "You might as well cuff me. . . . I beat the shit out of her." Transcript at 115.

V.M. was transported to the emergency room at St. Anthony's Hospital in Michigan City, where she was treated for facial trauma. Her face was bruised and swollen. There was also bruising around her neck, and she had a nasal fracture.

On June 18, 2010, the State charged Castillo with criminal confinement, as a Class B felony; battery, as a Class C felony; and strangulation, as a Class D felony. The State later alleged Castillo to be an habitual offender.

The trial court held Castillo's jury trial between January 17, 2012, and January 19, 2012. After the State rested, Castillo moved to have his counsel withdrawn so Castillo could proceed pro se. Before the court ruled on Castillo's motion, Castillo's counsel moved to have Castillo evaluated for competency. The court, outside the presence of the jury, heard testimony from an officer regarding Castillo's recent behavior. The court then denied Castillo's motion for a competency evaluation, stating as follows:

> During the entire proceeding, the Defendant has been taking notes. He has had conversations at counsel table . . . about his defense. He may not agree with the strategy. The strategy may be in conflict, and he has represented to the Court that there are questions that have not been . . . asked that he felt . . . should have been asked.
>
> He was able to tell me in response to my questions what a habitual criminal count was, what it might mean to him in terms of his sentence. He told me what his three charges were correctly, and what class felony they were. There is not any evidence on the record that Mr. Castillo does not understand these proceedings or what's going on.

Id. at 259. The court then granted Castillo's motion to proceed pro se.

Following the trial, the jury found Castillo guilty as charged. The court entered its judgment of conviction and sentenced Castillo to an aggregate term of thirty-five years executed. This appeal ensued.

3

# DISCUSSION AND DECISION

## Issue One: Competency

Castillo first argues that the trial court abused its discretion when it denied his mid-trial request for a competency evaluation. As we have explained:

> The trial and conviction of one without adequate competence is a denial of federal due process and a denial of a state statutory right as well. However, . . . the right to a competency hearing pursuant to Ind. Code § 35-36-3-1 is not absolute. Such a hearing is required only when a trial judge is confronted with evidence creating a reasonable or bona fide doubt as to a defendant's competency, which is defined as whether a defendant currently possesses the ability to consult rationally with counsel and factually comprehend the proceedings against him. Whether reasonable grounds exist to order evaluation of competency is a decision that will be reversed only if we find that the trial court abused its discretion. A trial judge's observations of a defendant in court are an adequate basis for determining whether a competency hearing is necessary; such a determination will not be lightly disturbed. Furthermore, predictable stress from facing one's own felony trial does not warrant a competency hearing. Finally, when the circumstances do not indicate that a trial court should sua sponte order a competency hearing, the defendant has the burden of establishing that reasonable grounds for such a hearing exist.

Campbell v. State, 732 N.E.2d 197, 202 (Ind. Ct. App. 2000) (emphasis added; citations and footnote omitted).[1] When we review a trial court's decision for an abuse of discretion, we consider the evidence favorable to the decision and we will not reweigh the evidence. Collins v. State, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), trans. denied.

As stated above, the trial court denied Castillo's request for a competency evaluation largely based on the court's own observations of Castillo in court. On appeal,

---

[1] We note that the trial court held a "competency hearing of sorts" when it permitted Castillo's counsel to call an officer as a witness. See Campbell, 732 N.E.2d at 202 n.1. But this evidentiary hearing "was not a hearing in accordance with I.C. § 35-36-3-1, which requires the appointment of professionals to examine a defendant and testify as to their opinion regarding competency." Id. Nonetheless, the court's hearing "does indicate an effort by the trial court to ascertain all of the information . . . before deciding that a hearing under I.C. § 35-36-3-1 was unnecessary. Such an inquiry further validates the trial court's conclusion." Id.

Castillo's arguments emphasize his own statements during his trial[2] and seek to have this court credit those statements above the trial court's observations. This is, in effect, a request for this court to reweigh the evidence, which we will not do. Id.

Further, the court's observations of Castillo in court were "an adequate basis for determining" that a competency hearing was unnecessary. Campbell, 732 N.E.2d at 202. As the court observed, Castillo took notes throughout the proceeding and engaged his counsel in determining the best strategy for his defense. And Castillo was both aware of and understood the charges against him. Accordingly, based on the evidence most favorable to the court's decision, Castillo cannot demonstrate a reasonable or bona fide doubt as to his competency. See id. Therefore, the trial court did not abuse its discretion when it denied Castillo's request for a competency evaluation.

### Issue Two: Pro Se Representation

Castillo next asserts that the trial court abused its discretion when it granted his mid-trial request to proceed pro se.[3] The crux of Castillo's argument here is his claim that "[t]he right of self-representation must be asserted within a reasonable time prior to the day on which trial begins." Appellant's Br. at 17 (emphasis original) (discussing Russell v. State, 270 Ind. 55, 383 N.E.2d 309, 313-15 (1978)). That is, Castillo asserts that his request to proceed pro se was an unlawful request. But Indiana law plainly

---

[2] We also note that Castillo had been declared competent to stand trial prior to the commencement of his trial.

[3] The State does not suggest that this issue is precluded by the invited error doctrine.

allows a defendant to proceed pro se mid-trial if that is his choice.  E.g., Minneman v. State, 466 N.E.2d 438, 440-41 (Ind. 1984).  Accordingly, this issue is without merit.[4]

## Issue Three:  Appellate Rule 7(B)

Castillo also contends that his thirty-five year aggregate sentence is inappropriate in light of the nature of the offenses and his character.  Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court."  Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original).  This appellate authority is implemented through Indiana Appellate Rule 7(B).  Id.  Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character.  See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."  Roush, 875 N.E.2d at 812 (alteration original).

---

[4] Castillo does not argue that his request to proceed pro se was not made knowingly, voluntarily, or intelligently.  Indeed, the record shows that the trial court advised Castillo of the perils of self-representation, and in granting Castillo's request the court appointed Castillo's counsel as stand-by counsel.  See Minneman, 466 N.E.2d at 440.  In addition, insofar as Castillo's argument on this issue is premised on his request for a competency evaluation, for the reasons stated in Issue One we affirm the trial court's decision.

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

In sentencing Castillo, the trial court stated as follows:

This case involves a vicious incident of domestic violence. . . .

* * *

There are numerous aggravating factors. This is a crime of violence resulting in serious physical injury to the victim. The harm suffered by the victim was not only significant, it was greater than the elements necessary to prove the commission of the charged offense. The numerous injuries to the [v]ictim's face and throat are far greater than what is required to prove a conviction for Battery. Defendant has a significant criminal history with previous convictions for Armed Robbery and Burglary, as a Class B Felony. According to the Presentence Investigation, Defendant was on probation . . . when he committed this offense.

March 8, 2012, Transcript at 4, 6. Again, the trial court ordered Castillo to serve thirty-five years. In particular, the court ordered Castillo to serve twenty years on his Class B felony conviction, with an additional fifteen years for being an habitual offender. The trial court imposed eight years for the additional convictions, but ordered those years to run concurrent with Castillo's sentence for the Class B felony.

7

On appeal, Castillo asserts that the nature of the offenses is mitigated by his quick surrender and his expressions of remorse.[5] Castillo further states that he "suffers from antisocial personality disorder that contributes to his episodes of physical aggression and violence."[6] Appellant's Br. at 20. We cannot agree that Castillo's sentence is inappropriate.

Regarding the nature of the offenses, Castillo was convicted of a Class B felony, a Class C felony, and a Class D felony, and he was found to be an habitual offender. His convictions arose from an argument he had with his girlfriend, which ended after Castillo confined, restrained, severely beat, and strangled her. As a result of the attack, V.M.'s eyes were almost swollen shut and she sustained a nasal fracture.

Regarding his character, Castillo has an extensive history of violent crime. He has prior felony convictions for armed robbery and burglary, as well as several prior charges of battery. Further, he committed the instant offenses while on probation in another cause.

We cannot say that Castillo's thirty-five year sentence is inappropriate. And insofar as Castillo argues for additional mitigating circumstances, we note that the trial court ordered eight years of Castillo's sentence to run concurrent with Castillo's sentence on the Class B felony. We affirm Castillo's sentence.

---

[5] We do not consider Castillo's assertions, based on his own statements and contrary to the jury's verdict, that V.M. struck him before he battered her.

[6] We disagree with the State's assertion that Castillo has not argued both prongs of Indiana Appellate Rule 7(B).

**Issue Four: Habitual Offender Enhancement**

Finally, Castillo argues that the trial court committed reversible error when it did not specify to which of his three convictions the habitual offender enhancement attached. It is true that, "[i]n the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced." Carter v. State, 686 N.E.2d 834, 839 (Ind. 1997). But when a defendant's convictions are affirmed on appeal, and the sentences for those convictions are to run concurrently, we will not remand for resentencing to apply an habitual offender enhancement to a specific offense. See id.; see also Webster v. State, 628 N.E.2d 1212, 1214 (Ind. 1994), abrogated on other grounds, Richardson v. State, 717 N.E.2d 32 (Ind. 1999).

Here, as explained above, we affirm Castillo's convictions. And, again, the trial court's sentences for each of the underlying felonies were ordered to run concurrently. But while the trial court committed a "technical error" when it did not specify to which conviction the habitual offender enhancement attached, see Webster, 628 N.E.2d at 1214, it is clear from the trial court's sentencing order that it attached the habitual offender enhancement to Castillo's Class B felony conviction. The court ordered a thirty-five year executed term. That term can only consist of the sentence on the Class B felony conviction, twenty years, enhanced by fifteen years for being an habitual offender. Thus, remand on this issue is not necessary.

## Conclusion

In sum, we affirm the trial court's denial of Castillo's motion for a competency evaluation and its grant of his motion to proceed pro se. We further hold that Castillo's sentence is not inappropriate, and that the trial court's technical error in its sentencing statement is not reversible error.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.