**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Dec 31 2013, 9:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHA SEYMOUR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1305-CR-218 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1109-FA-68656

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Micha Seymour appeals his adjudication as an habitual offender following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support his adjudication as an habitual offender. We affirm.

## FACTS AND PROCEDURAL HISTORY

Following a jury trial in May 2012, Seymour was convicted of attempted murder, a Class A felony. The State had alleged that Seymour was an habitual offender, and the trial court adjudicated him as such following a bench trial. On appeal, this court affirmed his conviction for attempted murder, but we reversed his adjudication as an habitual offender for a lack of sufficient evidence. Seymour v. State, No. 49A02-1206-CR-489 (Ind. Ct. App. Dec. 31, 2012) ("Seymour I"). On remand, the trial court adjudicated Seymour an habitual offender following a bench trial. This appeal ensued.

## DISCUSSION AND DECISION

Seymour contends that the State presented insufficient evidence to support his adjudication as an habitual offender. We set out the applicable standard of review in Seymour I:

> When reviewing a claim of insufficient evidence, we do not reweigh the evidence. Ramsey v. State, 853 N.E.2d 491, 497 (Ind. Ct. App. 2006), trans. denied. Rather, we look to the evidence most favorable to the judgment along with all reasonable inferences drawn therefrom. Id. We will affirm a judgment if it is supported by substantial evidence of probative value. Id.
>
> Pursuant to I.C. § 35-50-2-8(a), a person is an habitual offender if the finder of fact determines the State has proven beyond a reasonable doubt that the defendant has accumulated two prior unrelated felony convictions. A person has accumulated two prior unrelated felony

2

> convictions only if the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction, and the offense for which the State seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction. I.C § 35-50-2-8(c). <u>Failure to prove that the second felony was unrelated to the first felony in that it was committed subsequent to the date of the sentencing for the first requires that the habitual offender determination be vacated</u>. <u>McManomy v. State</u>, 751 N.E.2d 291, 292-93 (Ind. Ct. App. 2001).

Slip op. at *3 (emphasis added).

Here, the State presented evidence that Seymour has two prior felony convictions: Class C felony carrying a handgun without a license in 2002 under Cause Number 49G06-0209-FC-236354 and Class D felony resisting law enforcement in 2010 under Cause Number 49F18-0912-FD-102146. Seymour concedes that the State presented sufficient evidence that he was the person convicted in each case, but he maintains that the State failed to prove the date that he committed the offense of resisting law enforcement. Thus, Seymour asserts that the State did not prove that the second felony was committed subsequent to the date of sentencing for the first. We cannot agree.

The State presented evidence that Seymour was sentenced for his first prior felony, carrying a handgun without a license, on November 21, 2002. And the State presented evidence that Seymour committed the second felony offense, resisting law enforcement, on December 12, 2009. That evidence came in the form of the charging information for that offense. The State also submitted as evidence of that conviction the abstract of judgment and the order of judgment of conviction.

On appeal, Seymour maintains that

neither the Charging Information, the Abstract of Judgment, nor the Order of Judgment of Conviction establish the exact date Seymour engaged in the conduct he later pleaded guilty to. Put another way, there is no evidence in the record that the factual basis established when Seymour pleaded guilty to Resisting Law Enforcement included the same offense date alleged in the Charging Information or any date, for that matter.

Certainly, a factfinder is permitted to draw reasonable inferences from the evidence presented and this Court should not reweigh evidence. However, inferring that Seymour committed Resisting Law Enforcement on or after a certain date, without knowing that he actually pleaded guilty to committing the offense on or after a certain date, is not reasonable. The fact that the Charging Information sets out a specific date should not be dispositive. The charge could have been amended after it was initially filed or the plea agreement could have established a different offense date or the factual basis could have established a different date. Indeed, the Information itself shows not an exact date, but an approximate date ("on or about December 12, 2009"). Without evidence of what offense date Seymour admitted to and was, therefore, convicted for, the State's evidence was insufficient to prove beyond a reasonable doubt that Seymour was an habitual offender.

Appellant's Brief at 5 (citation omitted).

First, our supreme court has observed that the phrase "on or about" with reference to a date is "common practice for prosecutors in drafting charging documents" and that "its use is mere surplusage." Webster v. State, 628 N.E.2d 1212, 1215 (Ind. 1994), abrogated on other grounds. Accordingly, we reject Seymour's contention that the charging information did not state with sufficient particularity the date of the resisting law enforcement offense.

Second, Seymour's contention that the charging information is not dispositive proof of the date of the offense is grounded in speculation that the charging information may have been amended or the factual basis for the plea may have established a different date for the offense. But we hold that the State presented sufficient evidence that

4

Seymour committed the resisting law enforcement offense on December 12, 2009, which was, in turn, sufficient to prove that he committed that offense after he was sentenced for his first prior felony conviction on November 21, 2002. See, e.g., id. (holding "only reasonable inference" established by charging information for conviction following defendant's guilty plea was that the commission date followed the sentencing date for the first predicate offense). The State presented sufficient evidence to support Seymour's adjudication as an habitual offender.

Affirmed.

BAKER, J., and CRONE, J., concur.