**FOR PUBLICATION**



**FILED**

Feb 04 2014, 9:06 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUBEN GONZALEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  52A02-1306-CR-526 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Timothy P. Spahr, Judge
Cause No. 52C01-1203-MR-1

**February 4, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Ruben Gonzalez was convicted and sentenced for class A felony Attempted Murder[1] and class B felony Aggravated Battery.[2]   In this appeal, he challenges only the latter conviction, as well as an aspect of his sentence requiring him to pay restitution.  Gonzalez presents the following restated issues for review:

1. Does the conviction for both attempted murder and aggravated battery constitute a double jeopardy violation?

2. Did the trial court improperly include in the restitution award the amount paid through worker's compensation benefits for the victim's permanent partial impairment?

We reverse and remand.

While incarcerated at the Miami Correctional Facility on February 29, 2012, Gonzalez severely beat Rodney Gahl, a correctional officer at the facility.  Gonzalez repeatedly struck Gahl about the head and face with a padlock contained in a sock.  The attack caused life-threatening injuries to Gahl, required extensive medical treatment and subsequent therapy, and resulted in substantial permanent impairments.

The State charged Gonzalez with attempted murder and aggravated battery.  On April 24, 2013, a jury found Gonzalez guilty of both counts.  At the sentencing hearing on May 23, 2013, the trial court entered judgment of conviction on both counts and sentenced Gonzalez to a term of fifty years for attempted murder and a concurrent term of twenty years for aggravated battery.  The court also ordered Gonzalez to pay restitution to JWF Specialty Company (JWF) in the amount of $257,286.60.  Gonzalez now appeals.

---

[1]  Ind. Code Ann. § 35-42-1-1(a) (West, Westlaw current through 1st Regular Sess. and 1st Regular Technical Sess.); Ind. Code Ann. § 35-41-5-1 (West, Westlaw current through 1st Regular Sess. and 1st Regular Technical Sess.) (attempt).
[2]  I.C. § 35-42-2-1.5 (West, West, Westlaw current through 1st Regular Sess. and 1st Regular Technical Sess.).

1.

Gonzalez initially challenges his dual conviction for attempted murder and aggravated battery on double jeopardy grounds. The State concedes a violation in this regard because the same attack was the basis for both offenses. In other words, the jury used the evidence proving the elements of attempted murder to also establish the elements of aggravated battery. This is a violation of the Indiana Double Jeopardy Clause. *See Davis v. State*, 770 N.E.2d 319 (Ind. 2002). Accordingly, we remand with instructions to vacate the conviction for aggravated battery. *See id*.

2.

Gonzalez contends that a portion of the restitution award was improper. The trial court awarded restitution in the amount of $257,286.60 to JWF, the third-party administrator for the State's worker's compensation benefits. JWF itemized the claim into three parts: 1) $181,185.43 for medical bills incurred for Gahl's treatment; 2) $34,901.17 for Gahl's lost wages which were compensated by JWF; and 3) $41,200 for the permanent partial impairment (PPI) settlement paid to Gahl. On appeal, Gonzalez challenges only the portion of the restitution award that was based on the PPI settlement.

The primary purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused. *Edsall v. State*, 983 N.E.2d 200 (Ind. Ct. App. 2013). Restitution, of course, also serves to compensate the offender's victim. *Id.* Under certain circumstances, a state entity or an insurer may be considered a "victim" for purposes of restitution. *Id.*; *Little v. State*, 839 N.E.2d 807 (Ind. Ct.

App. 2005). *See also Sickels v. State*, 982 N.E.2d 1010, 1013 (Ind. 2013) (although the term

"victim" is not defined in the statute, the Court has held that restitution is properly payable to

"those shown to have suffered injury, harm or loss as a direct and immediate result of the

criminal acts of a defendant").

Indiana Code Ann. § 35–50–5–3(a) (West, Westlaw current through 1st Regular Sess.

and 1st Regular Technical Sess.) provides that a restitution order shall be based upon a

consideration of:

> (1) property damages of the victim incurred as a result of the crime, based on
> the actual cost of repair (or replacement if repair is inappropriate);
> (2) medical and hospital costs incurred by the victim (before the date of
> sentencing) as a result of the crime;
> (3)  the cost of medical laboratory tests to determine if the crime has caused
> the victim to contract a disease or other medical condition;
> (4) earnings lost by the victim (before the date of sentencing) as a result of the
> crime including earnings lost while the victim was hospitalized or participating
> in the investigation or trial of the crime; and
> (5) funeral, burial, or cremation costs incurred by the family or estate of a
> homicide victim as a result of the crime.

An order of restitution is part of the criminal sentence, and a claim by the defendant that the

trial court violated its statutory authority in imposing the sentence may be raised for the first

time on appeal. *Edsall v. State*, 983 N.E.2d 200.[3]

An order of restitution is generally within the trial court's discretion, and it will be

reversed only upon a finding of an abuse of that discretion. *Id.* An abuse of discretion will

be found, inter alia, where the trial court misinterpreted or misapplied the law. *Id.*

---

[3]  The State's waiver argument fails.  Although anomalies can be found, "the vast weight of the recent caselaw
in this state indicates that appellate courts will review a trial court's restitution order even where the defendant
did not object" because restitution is part of the sentence and it is our duty to bring illegal sentences into
compliance. *Rich v. State*, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008), *trans. denied*.

As set forth above, the State and Gonzalez agree that JWF could recoup as restitution the amounts JWF paid for Gahl's medical treatment and lost wages, which were incurred prior to the sentencing hearing. The State aptly observes in this regard that had JWF not paid these expenses, Gahl – the victim – would have had to bear these costs. In other words, JWF "effectively stood in the shoes of the victim and became a surrogate by assuming the costs of the victim's medical care and treatment" and lost wages. *Green v. State*, 811 N.E.2d 874, 878 (Ind. Ct. App. 2004). *See also Ault v. State*, 705 N.E.2d 1078, 1082 (Ind. Ct. App. 1999) ("the State had no choice in its expenditure, made in direct support of the victim of a crime" through Medicaid payments for the victim's substantial medical expenses). The medical and lost-wages costs assumed by JWF are specific costs that a trial court shall consider when imposing restitution. *See* I.C. § 35-50-5-3(a)(2) and (4). The same cannot be said for the PPI settlement.

A PPI payment is compensation for an injured employee's permanent loss of physical function(s) rather than for an inability to work. *See Talas v. Correct Piping Co., Inc.*, 435 N.E.2d 22 (Ind. 1982). Gahl, himself, could not have sought restitution at the criminal proceeding for loss of physical function, as it does not encompass already-incurred lost wages or medical expense. Accordingly, JWF cannot recover the PPI payment via its status as a surrogate victim. On remand, the trial court is directed to reduce the restitution award by $41,200.

Judgment reversed and remanded.

KIRSCH, J., and BAILEY, J., concur.