**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS YODER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1401-CR-2 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE ELKHART SUPERIOR COURT**
The Honorable Thomas L. Ryan, Senior Judge
Cause No. 20D02-1303-FC-63

**August 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Thomas Yoder was convicted of battery and intimidation and sentenced to a total of eight years executed. At the sentencing hearing, the prosecutor requested that restitution for the victim be ordered through a victim-offender reconciliation program ("VORP") instead of determined by the trial court. Over Yoder's objection, the court granted the request. On appeal, Yoder contends that the trial court erred in doing so. Because Indiana's sentencing statutes do not specifically authorize VORPs to determine restitution, and because Yoder did not agree to negotiate a restitution agreement with the victim through a VORP, we agree with Yoder and reverse and remand for a restitution hearing.

**Facts and Procedural History**

In May 2013, a jury found Yoder guilty of class C felony battery by means of a deadly weapon and class C felony intimidation. Yoder damaged the victim's front door and hit his head with a chisel. The victim suffered a cut on his head that required four staples to close, as well as a cut on his cheek and bruises and lacerations on his back and shoulder. At the sentencing hearing, the trial court imposed four-year terms on each count, to be served consecutively, for an aggregate sentence of eight years executed. The victim did not appear at the hearing. The prosecutor requested that Yoder "take part in the Victim Offender Reconciliation Program as part of a restitution issue for any damages that [the victim] sustained due to this event." Tr. at 273. The following conversation ensued:

> THE COURT: And how does that operate procedurally?
>
> [PROSECUTOR]: Uh, my understanding is that after uh, the actual sentence uh, Mr. Yoder would be required or – over the course of the sentence

2

Mr. Yoder would be required to uh, interact with the Victim Offender Reconciliation Program so that the appropriate amount of restitution could be established and mechanisms would be put in place for the restitution to be collected.

That's my limited knowledge of the program.

THE COURT: So the – initially is taken externally and uh, someone will be [in] contact with him at the jail?

[PROSECUTOR]: That's – that's correct Judge.

THE COURT: Alright. And so do I need a standard order uh, Jennifer that he is uh, to be uh, contacted by the VORP program and uh, a report is requested for the record?

COURT REPORTER: As long as you order that restitution is through VORP, VORP will take care of everything.

THE COURT: Okay. Well uh, is there any uh, process, supervisory process of the Court over the findings of the uh, of the VORP people? I'm a little uneasy about just …

[PROSECUTOR]: If there's a …

THE COURT: … uh, in saying file your report and uh, the Court will order …

[PROSECUTOR]: I understand that Judge.

THE COURT: … restitution.

[PROSECUTOR]: My uh, my experience has been that if there is a disagreement as far as restitution goes, VORP files the paperwork with the Court. Uh, at that point a hearing is then set up with the Court to have more a formal restitution hearing. But […] the overall objective of VORP is to get this – this restitution figured out without having to bring Mr. Yoder back before the Court and have that formal hearing.

THE COURT: And does uhm, does Mr. Yoder have to trigger the judicial review through counsel or pro se or just how does he go about doing that?

3

[PROSECUTOR]: No. My understanding is that VORP actually files the paperwork with the Court, bringing the Court – bringing the Court's attention to the fact that there is a dispute as far as restitution goes.

THE COURT: Is a reply from Mr. Yoder necessary in order to trigger judicial review?

[PROSECUTOR]: That, that Your Honor, I do not know.

THE COURT: [Defense counsel], are you familiar with the practice?

[DEFENSE COUNSEL]: Judge, uh, I'm not much more familiar than – than what [the prosecutor] has described.

I would actually object to, to the Court ordering of Mr. Yoder participate in VORP. Uh, I think, as the case law stands, unless uh, there's an agreement on restitution uh, evidence has to be submitted to the Court, the Court has to have a hearing and make determination as to the appropriate restitution. I mean obviously, none of that has happened. It doesn't appear that the State's in a position to proceed with that, so I – I would just object to any – any order like that concerning restitution.

[PROSECUTOR]: Judge, I can tell you that as a practical matter, this Court routinely uh, orders VORP to take part in restitution.

THE COURT: Okay. Well what I think what I'll do uh, [prosecutor] is uhm, bring the Probation Department into play here. There is uh, a document in the presentence investigation [report] uhm, containing some comments of the victim without any evaluation of claimed damage or injury. So if uhm, it is the process of this Court to implement a Victim Offender Restitution Program then I would order that, subject to the supervis – supervision of the Elkhart County Probation Department, who is ordered, which is ordered rather, uhm to obtain the position of Mr. Yoder, uh, when a report is filed and report to the Court whether there is an objection to it. And that should then trigger the Court's process for review. And uh, assure due process in that regard.

And that gets [defense counsel] off the hook too, if uh, if he is not yet uh, serving Mr. Yoder at that time, which I do not want to impose a duty uh, unless he's uh retained to continue as counsel.

4

*Id.* at 273-76. The trial court's written sentencing order reads, "Restitution is ordered through VORP." Appellant's App. at 17. Yoder now appeals.

**Discussion and Decision**

Yoder contends that the trial court erred in ordering restitution through VORP. We agree.

"The primary purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused. Restitution, of course, also serves to compensate the offender's victim." *Gonzalez v. State*, 3 N.E.3d 27, 29 (Ind. Ct. App. 2014) (citation omitted). "An order of restitution is generally within the trial court's discretion, and it will be reversed only upon a finding of an abuse of that discretion. An abuse of discretion will be found, inter alia, where the trial court misinterpreted or misapplied the law." *Id.* at 30 (citation omitted).

"Before sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing." Ind. Code § 35-38-1-3. "The court shall fix the penalty of and sentence a person convicted of an offense." Ind. Code § 35-50-1-1. An order of restitution is part of a criminal sentence. *Gonzalez*, 3 N.E.3d at 30. "[A] trial court's sentencing authority is only that which is conferred by the legislature, and it does not possess the power to impose sentences beyond the statutorily prescribed parameters." *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). We will not read into a statute that which is not the expressed intent of the legislature, and it is just as important to

recognize what a statute does not say as it is to recognize what it does say. *N.D.F. v. State*, 775 N.E.2d 1085, 1088 (Ind. 2002).

Indiana Code Section 35-50-5-3 governs restitution orders and reads in pertinent part as follows:

(a) Except as provided in [subsections not relevant here], in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base its restitution order upon a consideration of:

(1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate);

(2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime;

(3) the cost of medical laboratory tests to determine if the crime has caused the victim to contract a disease or other medical condition;

(4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime; and

(5) funeral, burial, or cremation costs incurred by the family or estate of a homicide victim as a result of the crime.

(b) A restitution order under subsection (a) … is a judgment lien that:

(1) attaches to the property of the person subject to the order;

(2) may be perfected;

(3) may be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee; and

(4) expires;

in the same manner as a judgment lien created in a civil proceeding.

(c) When a restitution order is issued under subsection (a), the issuing court may order the person to pay the restitution, or part of the restitution, directly to:

> (1) the victim services division of the Indiana criminal justice institute in an amount not exceeding:
>
>> (A) the amount of the award, if any, paid to the victim under IC 5-2-6.1; and
>>
>> (B) the cost of the reimbursements, if any, for emergency services provided to the victim under IC 16-10-1.5 (before its repeal) or IC 16-21-8; or
>
> (2) a probation department that shall forward restitution or part of restitution to:
>
>> (A) a victim of a crime;
>>
>> (B) a victim's estate; or
>>
>> (C) the family of a victim who is deceased.

The victim services division of the Indiana criminal justice institute shall deposit the restitution it receives under this subsection in the violent crime victims compensation fund established by IC 5-2-6.1-40.

(d) When a restitution order is issued under subsection (a) …, the issuing court shall send a certified copy of the order to the clerk of the circuit court in the county where the felony or misdemeanor charge was filed. The restitution order must include the following information:

> (1) The name and address of the person that is to receive the restitution.
>
> (2) The amount of restitution the person is to receive.

Upon receiving the order, the clerk shall enter and index the order in the circuit court judgment docket in the manner prescribed by IC 33-32-3-2. The clerk

7

shall also notify the department of insurance of an order of restitution under subsection (i).

(e) An order of restitution under subsection (a) … does not bar a civil action for:

> (1) damages that the court did not require the person to pay to the victim under the restitution order but arise from an injury or property damage that is the basis of restitution ordered by the court; and

> (2) other damages suffered by the victim.

Clearly, none of the foregoing statutes specifically authorize an outside entity to determine restitution. We note, however, that Indiana Code Section 35-40-6-4 provides in pertinent part that a prosecuting attorney or a victim assistance program

shall do the following:

….

(9) In a county having a victim-offender reconciliation program (VORP), provide an opportunity for a victim, *if the accused person or the offender agrees*, to:

> (A) meet with the accused person or the offender in a safe, controlled environment;

> (B) give to the accused person or the offender, either orally or in writing, a summary of the financial, emotional, and physical effects of the offense on the victim and the victim's family; and

> (C) *negotiate a restitution agreement to be submitted to the sentencing court for damages incurred by the victim as a result of the offense.*

(Emphases added.) Thus, the legislature has clearly provided that an offender may negotiate a restitution agreement with a victim through a VORP, but only if the offender agrees to do so. Because Yoder did not agree to do so, we reverse the restitution portion of the trial

court's sentencing order and remand with instructions to hold the restitution hearing to which he is entitled.

Reversed and remanded.

RILEY, J., and MATHIAS, J., concur.