

**FILED**

Feb 19 2015, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Michael G. Moore | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | Brian Reitz |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Natasha R. Hill, | February 19, 2015 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 49A05-1407-CR-314 |
| v. | |
| | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Annie Christ-Garcia, Judge and Honorable Tiffany Vivo, Commissioner |
| *Appellee-Plaintiff.* | Cause No. 49F24-1204-FD-27888 |

**Robb, Judge.**

# Case Summary and Issues

[1]  Following a bench trial, Natasha Hill was convicted of two counts of theft and ordered to pay restitution in the amount of $2526.83. Hill appeals, raising two issues for our review: (1) whether her dual theft convictions, which were based

upon acts committed minutes apart and in the same department store, are contrary to law; and (2) whether the trial court abused its discretion in ordering Hill to pay restitution. Concluding Hill's dual convictions violate Indiana's single larceny rule and that the trial court's restitution order was an abuse of discretion, we reverse and remand for further proceedings consistent with this opinion.

# Facts and Procedural History

[2]     On April 26, 2012, Macy's loss prevention officer Jeremiah Kiel received an anonymous phone call informing him that Natasha Hill, a Macy's employee, would be involved in a theft at the store. Consequently, Kiel began surveilling Hill using real-time video monitors. Late that morning, a customer, Robin Shannon, approached Hill's cash register and provided Hill with receipts from previous purchases. Hill entered a number of items as returns, but Shannon did not actually return any items. Hill then placed the value of the "returned" items on a gift card and gave it to Shannon.[1]

[3]     While Hill was processing Shannon's phony returns, Shannon left the register and returned with several items, including pillows, a comforter, a cookware set, and a set of kitchen containers. Hill scanned the kitchen container set twice and charged it to the gift card, but she did not scan any of Shannon's other

---

[1] The value of the gift card Hill provided to Shannon was $938.65.

items. Hill took the kitchen set and cookware set to a customer pick-up location while Shannon walked away carrying the pillows and comforter.

[4] Macy's loss prevention officers confronted both Shannon and Hill about the transactions. Hill signed a statement admitting that she aided Shannon by fraudulently returning items and that she did not charge Shannon for the cookware, comforter, or pillows. Hill also signed a promissory note agreeing to pay Macy's in the amount of $2607.32, which included values attributable to the incident on April 26 in addition to past incidents in which Macy's determined that Hill had stolen from the department store.[2]

[5] On April 30, 2012, the State charged Hill with two counts of theft, both Class D felonies. The counts stated in relevant part:

> [Count 1:] On or about April 26, 2012, . . . Hill, did knowingly exert unauthorized control over the property, to wit: the value of United States Currency, of another person, to wit: Macy's, with the intent to deprive the person of any part of its value or use. . . .

> [Count 2:] On or about April 26, 2012, . . . Hill, did knowingly exert unauthorized control over the property, to wit: the value of United States Currency and/or pillows and/or comforter and/or cookware, of another person, to wit: Macy's, with the intent to deprive the person of any part of its value or use.

---

[2] The statement signed by Hill included references to additional dollar amounts unrelated to the April 26 incident, although it is not entirely clear how Hill and/or Macy's arrived at those amounts: "I have done this for [Shannon] on several occasions over the last two months. The total of fraudulent returns in $3784.59. I have also passed off merchandise over the last two months for $3000.00 to [Shannon]. . . . The total amount is $9243.47." State's Exhibit 6.

Appellant's Appendix at 21-22. A bench trial was held on May 15, 2014, at which the trial court found Hill guilty of both counts. At sentencing, the trial court reduced Hill's convictions pursuant to the alternative misdemeanor sentencing statute and ordered concurrent one-year sentences to be suspended to probation. The State indicated that Hill had paid $80.39 to Macy's, and the trial court also ordered restitution in the amount of $2526.83, which was the remainder on Hill's promissory note. This appeal followed.

# Discussion and Decision

## I. Single Larceny Rule

[6] Hill contends that the trial court erred by entering convictions for both counts of theft. The parties focus on whether Hill's convictions violate double jeopardy principles, *see Richardson v. State*, 717 N.E.2d 32, 50-54 (Ind. 1999), or the continuing crime doctrine, *see Bartlett v. State*, 711 N.E.2d 497, 500-01 (Ind. 1999). However, we believe that a similar rule, the single larceny rule, better applies to the circumstances of this case.

[7] The single larceny rule provides that "when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single 'larceny,' i.e. a single offense." *Raines v. State*, 514 N.E.2d 298, 300 (Ind. 1987). "If only one offense is committed, there may be but one judgment and one sentence." *Id.*

The single larceny rule is applicable to facts of this case. Hill's theft of currency (Count 1) and assorted inventory (Count 2) all occurred at the same cash register in Macy's. Neither Hill nor her accomplice, Shannon, left the store between thefts. And the thefts occurred at 11:26 a.m. and 11:34 a.m.—only minutes apart. *See* State's Exhibits 1 and 2. Therefore, Hill's conduct amounts to a single offense, and she may be convicted of only one count of theft.

## II. Restitution

Second, Hill contests the trial court's restitution order. An order of restitution lies within the trial court's discretion and will be reversed only where there has been an abuse of discretion. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Remy v. State*, 17 N.E.3d 396, 399 (Ind. Ct. App. 2014), *trans. denied*.

Hill maintains that the restitution order is erroneous. She argues that the order was based on uncharged acts, that the amount was not based on an actual loss by Macy's, and that the trial court erred by failing to inquire into Hill's ability to pay. We agree and hold that reversal is required due to the restitution order's reliance on uncharged acts and a lack of evidence of actual loss to Macy's.

Indiana law authorizes the trial court to order restitution for damages incurred "as a result of the crime." Ind. Code § 35-50-5-3(a)(1). Absent an agreement to pay restitution, a defendant may not be ordered to pay restitution for an act that did not result in a conviction. *Polen v. State*, 578 N.E.2d 755, 756-57 (Ind. Ct.

App. 1991), *trans. denied*; *see also Green v. State*, 811 N.E.2d 874, 879-80 (Ind. Ct. App. 2004). At the sentencing hearing, the prosecutor was quite clear that the amount on which the trial court fashioned its restitution order was based on uncharged acts:

> The amount of that promissory note included above and beyond this particular theft incident, to include other allegations. Um, I had informed them I don't think that we could ask for that amount or for this particular case given that [Hill is] only being convicted of the events that Your Honor heard yesterday.

Transcript at 150. Despite the State's admission that the $2607.32 amount included losses from allegations of theft unrelated to Hill's convictions, the trial court awarded restitution based on that amount. This was an abuse of the trial court's discretion.

[12]   Indiana law also requires that restitution for property damages incurred by the victim be "based on the actual cost of repair (or replacement if repair is inappropriate) . . . ." Indiana Code § 35-50-5-3(a)(1). A restitution order must reflect "actual loss" incurred by the victim, and "[t]he amount of actual loss is a factual matter which can be determined only upon the presentation of evidence." *Batarseh v. State*, 622 N.E.2d 192, 196 (Ind. Ct. App. 1993), *trans. denied*. In this case, the record indicates that Hill and Shannon were detained by loss prevention officers before ever leaving the Macy's store. It stands to reason that the gift card and any stolen inventory was confiscated at that time, and there is no evidence proving otherwise. Further, we are unaware of any evidence showing that any of the items Hill attempted to steal were damaged or needed to be replaced by Macy's. Simply stated, the State did not present

evidence of an actual loss by Macy's supporting the trial court's restitution order.

# Conclusion

[13] We conclude that Hill's dual theft convictions violate the single larceny rule, and we reverse and remand with instructions that the trial court vacate one of Hill's two convictions and amend the sentencing order accordingly. We also conclude that the trial court's restitution order was improperly based on uncharged acts and was not based on evidence of an actual loss suffered by Macy's. We therefore reverse and remand with instructions that the trial court vacate its restitution order.[3]

[14] Reversed and remanded.

Bailey, J., and Brown, J., concur.

---

[3] The State is not precluded from requesting a hearing to present evidence of an actual loss suffered by Macy's as a result of the crime for which Hill was actually charged and convicted. *See Iltzsch v. State*, 981 N.E.2d 55, 57 (Ind. 2013); *see also J.H. v. State*, 950 N.E.2d 731, 735 (Ind. Ct. App. 2011).