## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2015, 10:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Dave Welter
Supervising Attorney

Ashley Gilbert-Johnson
Legal Intern

Christina Espar
Legal Intern
Valparaiso University Law Clinic
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Colleen Chaplin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 27, 2015<br><br>Court of Appeals Case No.<br>64A03-1408-CR-276<br><br>Appeal from the Porter Superior Court<br><br>The Honorable Jeffrey Clymer, Judge Pro Tempore<br><br>Cause No. 64D02-1401-FC-649 |

**Mathias, Judge.**

[1] Colleen Chaplin ("Chaplin") was convicted in Porter Superior Court of Class D felony theft. At sentencing, Chaplin was ordered to pay restitution in the amount of $54,378.25 to the Indiana Department of Workforce Development

("IDWD"). Chaplin appeals the restitution order and argues that $54,378.25 exceeds the actual loss suffered by the IDWD.

We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

In October 2010, Chaplin applied for unemployment compensation benefits with the IDWD. For approximately two years, Chaplin periodically received benefits in the amount of $390 per week. During that time period, Chaplin certified to the IDWD that she was unemployed and had no other earnings.

In September 2013, the IDWD discovered that Chaplin was employed at a hospital and that she had received weekly unemployment compensation benefits while she also earned wages from her employer. Ultimately, the IDWD determined that Chaplin wrongly received $34,145.00 in unemployment compensation benefits.

Thereafter, Chaplin was charged with Class C felony welfare fraud. She pleaded guilty to the lesser-included charge of Class D felony theft on May 23, 2014. Chaplin agreed to pay restitution but in an amount to be determined at a later date.

The IDWD requested restitution in the amount of $54,831.92. In an itemized statement, the IDWD listed the "fraud overpayment total" as $34,145.00, a "penalty total" of $20,233.25, and total interest accrued in the amount of $453.67.

[7] At sentencing, the State argued that Chaplin should be ordered to pay the "fraud overpayment total" and the "penalty total" in the aggregate amount of $54,378.25. Chaplin objected to the amount and argued that it exceeded the IDWD's actual loss. Chaplin argued she should only be ordered to pay restitution in the amount of $34,145.00, the "fraud overpayment" amount.

[8] Pursuant to the terms of the plea agreement, the trial court ordered Chaplin to serve three years but suspended the sentence and placed her on formal probation. The trial court then ordered Chaplin to pay restitution in the amount of $54,378.25. Chaplin now appeals the restitution order.

## Discussion and Decision

[9] Chaplin argues that the trial court's restitution order was improper because $54,378.25 exceeds the IDWD's actual loss. We reverse a trial court's order to pay restitution only for an abuse of discretion. *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013). A trial court abuses its discretion if its "decision is clearly against the logic and effects of the facts and circumstances before it" or if it "misinterprets or misapplies the law." *Id.*; *see also Kelley v. State*, 11 N.E.3d 973, 977 (Ind. Ct. App. 2014) (stating that a trial court abuses its discretion if it misinterprets or misapplies a statute relating to a restitution order).

[10] "[T]he principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused, and that restitution also serves to compensate the victim." *Iltzsch v. State*, 981 N.E.2d 55, 56 (Ind. 2013) (citing *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008)). An

order of restitution is part of a criminal sentence. *Gonzalez v. State*, 3 N.E.3d 27, 30 (Ind. Ct. App. 2014). "Because restitution is penal in nature, the restitution statute must be 'strictly construed against the State to avoid enlarging [it] by intendment or implication beyond the fair meaning of the language used.'" *Cherry v. State*, 772 N.E.2d 433, 439 (Ind. Ct. App. 2002) (quoting *State v. Shelton*, 692 N.E.2d 947, 949 (Ind. Ct. App. 1998)), *trans. denied*.

[11] Trial courts are statutorily required to base restitution orders "upon a consideration of . . . property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]" Ind. Code § 35-50-5-3(a); *see also Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied* (stating that a restitution award must reflect actual losses incurred by the victim for actions attributable to the defendant's crimes).

[12] Here, the IDWD proved that Chaplin fraudulently received $34,145.00 in unemployment compensation benefits. This is the actual cost suffered by the IDWD.

[13] The penalty total, i.e. $20,233.25, exceeds the IDWD's actual loss caused by Chaplin's crime. The penalty amount constitutes additional punishment the IDWD may statutorily impose on an individual who "knowingly fails to disclose or falsifies any fact that if accurately reported to the department would disqualify the individual for benefits, reduce the individual's benefits, or render the individual ineligible for benefits or extended benefits[.]" Ind. Code § 22-4-

13-1.1. For each instance of false reporting, the penalty increases from an amount equal to 25% of the benefit overpayment for the first instance, to 50% of the benefit overpayment for the second instance, and finally to 100% of the benefit overpayment for the third and each subsequent instance. *Id.*

[14] In addition to the character of the challenged amount as part of a restitution order, we are mindful that this case comes to us from a guilty plea, rather than as a result of a conviction after a trial. Because the penalty calculated by the IDWD and awarded by the court was not an actual cost incurred as a result of Chaplin's crime, we reverse as to the restitution order only and remand this case with instructions to enter a restitution order in the reduced amount of $34,145.00.

[15] Reversed and remanded for proceedings consistent with this opinion.

Najam, J., and Bradford, J., concur.