

**FILED**

Jul 31 2015, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Kent Akins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 31, 2015

Court of Appeals Case No.
49A02-1412-CR-869

Appeal from the Marion Superior
Court.
The Honorable Annie Christ-Garcia,
Judge.
Cause No. 49F24-1312-FD-79414

**Darden, Senior Judge**

## Statement of the Case

[1]     Kent Akins appeals the trial court's order requiring him to pay restitution to the
City of Indianapolis.  We reverse and remand for an evidentiary hearing.

# Issue

Akins raises one issue, which we restate as: whether the trial court abused its discretion in ordering Akins to pay restitution.

# Facts and Procedural History

On December 15, 2013, Akins struggled with police officers outside of a bar in Indianapolis and was arrested. The State charged Akins with battery on a law enforcement officer resulting in injury, a Class D felony. Ind. Code § 35-42-2-1 (2012). The charging information states:

> On or about Dec [sic] 15, 2013, in Marion County, State of Indiana, the following named defendant Kent Akins, did knowingly touch, Tyler Watson, a law enforcement officer with the Indianapolis Metropolitan Police Department, in a rude, insolent, or angry manner, to wit: punched Officer Watson while said officer was engaged in the execution of his official duty, and further that said touching resulted in an injury, to wit: pain and/or swelling and/or bruising to said officer.

Appellant's App. p. 15.

The State also charged Akins with resisting law enforcement, a Class A misdemeanor. Ind. Code § 35-44.1-3-1 (2013). The charging information states:

> On or about Dec [sic] 15, 2013, in Marion County, State of Indiana, the following named defendant Kent Akins, did knowingly and forcibly resist, obstruct, or interfere with Antwon Keyes, a law enforcement officer with the Indianapolis Metropolitan Police Department, while said officer was lawfully

engaged in the execution of his duties as a law enforcement officer.

Appellant's App. p. 16.

[5] Akins and the State entered into a plea agreement. Akins agreed to plead guilty as charged. The parties agreed that his aggregate sentence would be limited to 545 days, with credit for two days served and the rest of the term suspended to probation. Akins also agreed as a condition of probation to pay restitution to the "City of Indianapolis" in an amount to be set by the court. *Id.* at 24.

[6] At the sentencing hearing, the trial court accepted the plea agreement and imposed the agreed-upon sentence. During the hearing, Akins requested a separate hearing on restitution. He advised the court:

> Well judge, the issue is we recently learned, recently last week that this officer has a broken leg. No mention of it in the probable cause affidavit. We've not seen any documentation to that effect so that's something that I need to look at and determine if insurance paid any part of it or just what, I guess, the injuries he sustained and if it matches up with uh, medical. So that's the purpose of the hearing.

Tr. p. 7.

[7] The State responded that one of the officers involved in the incident with Akins did break his leg during the incident and was undergoing treatment. Akins further stated:

> Those are some of the issues I need to look into, if there were, are any um, monies or things covered by insurance or just the county, I don't know yet and so we want to make sure that

whatever the restitution is isn't, I don't know, double dipping, I don't know.

*Id.* at 8. The court scheduled a hearing on restitution.

[8] At the restitution hearing, the State did not present any witnesses. Instead, the State merely tendered to the court medical records and bills for Officer Antwon Keyes, which indicated that he had experienced a leg injury on December 15, 2013, while struggling with an unidentified "suspect" or "person."[1] Medical Records pp. 42, 56. The State requested $27,966.71 in restitution arising from Officer Keyes' injury. Akins argued that the State's request for restitution was inappropriate because there was no evidence to support the allegations that he caused Officer Keyes' injury and the increasing medical expenses and bills. Without more, the court ordered Akins to pay restitution in the amount of $27,966.71 and entered a civil judgment against Akins. This appeal followed.

# Discussion and Decision

[9] Akins claims the trial court erred in ordering him to pay $27,966.71 in restitution to the City of Indianapolis because there is no evidence that he caused Officer Keyes' injury. The State "does not oppose remand for a new restitution hearing" because it agrees that there is no evidence to support the order. Appellee's Br. p. 4.

---

[1] The records and bills were not formally offered as exhibits by the State or accepted as evidence by the trial court. The State did not present any witnesses to authenticate the documents. Neither party alleges error arising from the failure to formally admit the records and bills as evidence.

[10] When imposing a sentence for a felony or a misdemeanor, a trial court may, as a condition of probation or without placing the defendant on probation, order the defendant to make restitution to the victim of a crime. Ind. Code § 35-50-5-3(a) (2012). Among other considerations, the trial court may base its restitution order upon "medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime." *Id.*

[11] The primary purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused. *Gonzalez v. State*, 3 N.E.3d 27, 29 (Ind. Ct. App. 2014). Restitution also serves to compensate the defendant's victim. *Id.* Under certain circumstances, a state entity may be considered a victim for purposes of restitution. *Id.* Among other circumstances, a state entity may be considered a victim when the entity becomes a surrogate by assuming the costs of the victim's medical care, treatment, and lost wages. *Id.* at 30.

[12] An order of restitution lies within the trial court's discretion and will be reversed only where there has been an abuse of discretion. *Hill v. State*, 25 N.E.3d 1280, 1282 (Ind. Ct. App. 2015). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

[13] In this case, the State correctly concedes that there is no evidence in the record that Akins caused Officer Keyes' leg injury. Indeed, there is no evidence that Officer Keyes' injury occurred in connection with Akins' arrest. Akins pleaded

guilty to battering and injuring Officer Watson, not Officer Keyes. Further, the State charged Akins with resisting law enforcement as a Class A misdemeanor, which does not require proof of injury. At the time Akins committed his crimes, the offense of resisting law enforcement was a Class D felony where a person was injured in the course of the defendant's resistance. Ind. Code § 35-44.1-3-1(b). Finally, the medical records that the State submitted at the restitution hearing refer to a "person" or "suspect" as causing Officer Keyes' injury without providing a name. Medical Records pp. 42, 56.

[14] Under these circumstances, the trial court's restitution award was against the logic and effects of the facts and circumstances, and we must reverse. *See* Ind. Code § 35-50-5-3(a) (stating that medical expenses may be the subject of a restitution order when they are "a result of the crime"); *Smith v. State*, 471 N.E.2d 1245, 1248-49 (Ind. Ct. App. 1984) (reversing award of restitution for medical expenses where the State failed to present evidence that the victim incurred the expenses as a result of the defendant's criminal misconduct), *trans. denied*.

[15] We remand for an evidentiary hearing on restitution. *See Bennett v. State*, 862 N.E.2d 1281, 1286 (Ind. Ct. App. 2007) ("The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence"). At the hearing, the State must prove that Officer Keyes' injury resulted from Akins' criminal behavior. Restitution must reflect actual medical costs incurred by the victim and may not include recovery for duplicated medical charges, such as those covered by insurance. *See Little v. State*, 839 N.E.2d 807, 810 (Ind. Ct.

App. 2005) (reversing in part an award of restitution for medical costs because some of the costs were covered by insurance, resulting in a double recovery by the victim). Akins must be given an opportunity to test the State's evidence and submit his own.

## Conclusion

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.