## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 18 2017, 8:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Paul Garcia, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 18, 2017 <br><br> Court of Appeals Case No. <br> 45A04-1607-CR-1738 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane Ross Boswell, Judge <br><br> Trial Court Cause No. <br> 45G03-1303-FC-41 |

**Bailey, Judge.**

# Case Summary

[1] John Paul Garcia ("Garcia") appeals a restitution order following his plea of guilty to Forgery, a Class C felony.[1] He presents the sole issue of whether the trial court abused its discretion because the order is not supported by sufficient evidence. We reverse and remand for a new restitution hearing.

# Facts and Procedural History

[2] The relevant facts were summarized by a panel of this Court in Garcia's prior appeal, which challenged both his sentence and a restitution order:[2]

> On several occasions in early 2009, Garcia sold to Bruce Petrovich silver dollar coins purporting to be issued by the United States Department of the Treasury. After purchasing the coins, Petrovich had them tested for authenticity and discovered they were counterfeit. Petrovich said Garcia "conned [him] out of all [his] life savings" by selling him the coins, which amounted to $360,000.00. Transcript at 31.

> The State charged Garcia with forgery and theft, both Class C felonies, and counterfeiting, a Class D felony. The State and Garcia reached a plea agreement pursuant to which Garcia would plead guilty to forgery, the State would dismiss the

---

[1] Ind. Code § 35-43-5-2.

[2] On January 8, 2015, Garcia and the State filed with the trial court a "Stipulated Plea and Agreement" in two cause numbers, No. 45G03-1303-FC-00041 and 45G03-1302-FC-00020. (App. at 51.) Garcia agreed to plead guilty to one count of forgery in each cause number. On February 6, 2015, Garcia was sentenced in Cause No. 45G03-1303-FC-00041, receiving a sixty-six month sentence to be served concurrently with that imposed in Cause No. 45G03-1302-FC-00020. The trial court also ordered restitution in the amount of $360,000.00. The February 6, 2015 order was the order on appeal.

remaining counts, and the parties agreed "they are free to fully argue their respective positions as to the sentence to be imposed by the Court; [h]owever, there shall be a cap of [s]ixty six (66) months (or 5.5 years)." Appendix at 46. The trial court accepted Garcia's guilty plea, and following a sentencing hearing at which both Garcia and Petrovich gave statements, sentenced him to sixty-six months in [the] DOC. The trial court also entered a judgment in the amount of $360,000.00 against Garcia in favor of Petrovich.

*Garcia v. State*, No. 45A03-1503-CR-85, slip op at 2-3 (Ind. Ct. App. Nov. 18, 2015). Garcia's sentence was affirmed. However, this Court remanded the matter for a new restitution hearing after observing that the restitution order was supported only by Petrovich's unsworn statement unaccompanied by documentation. *Id.* at 8.

[3] At a hearing on remand, Petrovich was placed under oath and testified that Garcia owed him $360,000.00. The trial court ordered Garcia to pay $265,000.00 in restitution. The trial court derived that sum by adding Petrovich's checks for a series of cash withdrawals and deducting $3,000.00, the sales price of a diamond ring that Garcia gave Petrovich. This appeal ensued.

# Discussion and Decision

[4] Garcia challenges the $265,000.00 restitution order as unsupported by the evidence and requests that we remand the case for an additional hearing. In the Stipulated Factual Basis for his guilty plea, incorporated into the plea

agreement,[3] Garcia and the State stipulated that Garcia sold fake Morgan silver dollars to Petrovich.  Garcia argues that the State failed to meet its burden of showing the amount of the loss incurred as a result of that particular conduct, where Petrovich testified as to his aggregate loss and the State produced copies of numerous small coins previously submitted for authentication.

[5]  A trial court has the authority to order a defendant convicted of a crime to make restitution to the victim of the crime.  Ind. Code § 35-50-5-3(a).  An order of restitution is within the trial court's discretion and will be reversed only for an abuse of that discretion.  *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012).  A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law.  *Dull v. State*, 44 N.E.3d 823, 829 (Ind. Ct. App. 2015).

[6]  "The principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused." *Pearson v. State*, 883 N.E.2d 770, 772 (Ind. 2008).  "Restitution also serves to compensate the offender's victim."  *Id.*  The restitution order must reflect the actual loss suffered by the victim, which is a factual matter that can only be determined by the presentation of evidence.  *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*.  A restitution order is sufficiently supported if there is a reasonable basis for estimating loss and the fact-finder is not required

---

[3] Paragraph 6, sub-paragraph I. provides:  "Attached hereto and incorporated herein as Exhibit 'A' is the Stipulated Factual Basis."  (App. at 46.)

to engage in speculation or conjecture. *Guzman v. State*, 985 N.E.2d 1125, 1130 (Ind. Ct. App. 2013) (quotation omitted). The victim's in-court testimony may be sufficient to support a restitution order. *Blixt v. State*, 872 N.E.2d 149, 153-54 (Ind. Ct. App. 2007).

[7]     The Stipulated Factual Basis, with reference to Cause No. 45G03-1303-FC-00041, provides in relevant part:

> That between February 5, 2009 and June 6, 2009, John P. Garcia sold Morgan silver dollars to Bruce Petrovich at locations located in Schererville and Highland, Lake County, Indiana.
>
> That Bruce Petrovich subsequently had these coins tested to determine their authenticity which determined they were fake coins.
>
> That John P. Garcia did, with intent to defraud, make utter or possess these coins in such a manner that they purport to have been made by the United States Department of the Treasury.

(App. at 48.) The Stipulated Factual Basis was incorporated into the plea agreement. The plea agreement did not specifically address restitution.

[8]     At the restitution hearing, Petrovich testified, without specificity, that he had purchased coins from Garcia and that he had taken cash withdrawals from his retirement account for that purpose. He produced bank records indicating that he had made withdrawals aggregating to $268,000.00. When asked on cross-examination if he knew what he had paid Garcia for Morgan silver dollars, Petrovich responded: "For Morgan Silver Dollars specifically, no, there was no

specific price on any one coin. It was a group of coins was so much money."
(Tr. at 29.) Some copies of fake coins were produced, not limited to Morgan
silver dollars.

[9] At the conclusion of the hearing, the trial court ordered restitution and
explained the basis for its calculation:

> So between the sworn testimony, the documentation that's been
> provided today, the Court is confident that those checks made
> out to cash were for the purchase of these silver dollars. And I'm
> gonna order two hundred and sixty-five thousand dollars in
> restitution. That accounts for the discrepancy in the addition of
> the checks. It accounts for the three thousand dollars that the
> victim says he received for the ring, for the diamond ring that he
> was able to sell.

(Tr. at 40.)

[10] The conduct to which Garcia pled guilty was the selling of fake Morgan silver
dollar coins with intent to defraud, not to the selling of other coins. The trial
court's conclusion that all the cash withdrawal amounts were "for the purchase
of silver dollars" is contrary to the testimonial and documentary evidence. We
find the order for the payment of $265,000.00 to be an abuse of discretion under
these circumstances. *See e.g., Dull*, 44 N.E.3d at 832 ("Because Dull did not
plead guilty to committing theft of Beshears's grain prior to the summer of 2013
and because he did not agree to pay restitution for grain sold prior to that time
period, the trial court abused its discretion by ordering him to do so."); *Hill v.
State*, 25 N.E.3d 1280, 1283 (Ind. Ct. App. 2015) ("Absent an agreement to pay

restitution, a defendant may not be ordered to pay restitution for an act that did not result in a conviction."); *Polen v. State*, 578 N.E.2d 755, 757 (Ind. Ct. App. 1991) (holding that the trial court erred in ordering restitution in an amount greater than sums involved in those crimes to which Polen actually pled guilty), *trans. denied*.

# Conclusion

We remand for a hearing on the actual loss Petrovich suffered as a result of Garcia's forgery and sale of Morgan silver dollars.

Reversed and remanded.

Najam, J., and May, J., concur.